IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| James Koskan, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 23 C 1941 |
| | ) | |
| | ) | |
| Continental Casualty Company, | ) | |
| | ) | |
| Defendant. | ) | |

Memorandum Opinion and Order

Plaintiffs James and Treslyn Koskan filed this putative class action against defendant Continental Casualty Company to dispute Continental's handling of their long-term care insurance policies. During the pendency of the suit, both Koskans passed away, and their estates are now represented by their daughter Laurie Biagini. Before me is Continental's motion to dismiss plaintiffs' injunctive claims as moot in light of their passing. I grant that motion.

**I.**

The Koskans purchased long-term care insurance from Continental. One benefit of that insurance was that it would cover the Koskans in the event of their moving into an assisted living facility. Another benefit is that the policy would cover home care services—"nursing, medical social workers, home health aides, and even homemaker services"—in the event that the Koskans needed them.

In December 2021, the Koskans, both in their mid-nineties, began drawing on the assisted living benefit under their Continental policy at a facility in Minnesota called the Glenn.[1] In the summer of 2022, the Koskans began using home healthcare services in addition to the support they received from the staff at the Glenn due to their "balance issues and general weakness, as well as Mr. Koskan's advanced dementia." ECF 24 at 4. The Koskans filed claims with Continental for first the assisted living benefits and then the additional home healthcare benefits. Continental denied the Koskans' claims for home healthcare in September 2022, taking the position that their policy did not allow the Koskans to 'stack' both assisted living and home healthcare benefits.

[1] The Koskans had been living at the Glenn since 2016, but the parties seem to agree that they did not begin drawing on their assisted living benefit until later.

The Koskans filed suit in March 2023, seeking damages (Count I) and injunctive relief (Count II). The Koskans also sought to obtain both kinds of relief on behalf of a class encompassing all Continental policyholders with certain common provisions in their long-term insurance contracts. Treslyn Koskan passed away in November 2023. James Koskan followed his wife in June 2026. The Koskans filed an amended complaint in the interim, in March 2024. And in August of 2026, Continental filed the instant motion, in which it argues that the Koskans' deaths have, *inter alia*, mooted their claims for injunctive relief.

**II.**

Article III of the U.S. Constitution restricts the jurisdiction of federal courts to cases and controversies that are "sufficiently concrete and appropriate for judicial resolution." *Arcidiacono v. Whitehorn*, 178 F.4th 338, 344 (7th Cir. 2026). To sustain such a case, a plaintiff must have standing—"a personal stake in the outcome of the controversy." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (citation omitted). To establish standing, a plaintiff must show that she has "suffered, or will suffer, an injury that is concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling" of the court. *Murthy v. Missouri*, 603 U.S. 43, 57 (2024) (citation omitted). Where, as

here, prospective injunctive relief is at issue, plaintiffs must "face a real and immediate threat of repeated injury." *Id.* at 69 (citation omitted).

Standing is measured from the perspective of the filing of the complaint, but Article III requires that a plaintiff maintain a personal stake in proceedings through the pendency of the case. When circumstances change and "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," the case has become moot, and the court loses jurisdiction. *Olson v. Brown*, 594 F.3d 577, 580 (7th Cir. 2010) (citation omitted).

**III.**

Continental has moved to dismiss the Koskans' claims for injunctive relief on standing and mootness grounds related to their passing. Continental's basic contention is simple: a deceased plaintiff cannot face the "real and immediate threat" of future injury she needs to maintain standing for prospective injunctive relief. On that basis, Continental makes three arguments: (1) because Treslyn Koskan had already passed at the time the Koskans filed their amended complaint, Treslyn's estate never had standing to pursue injunctive relief; (2) even if Treslyn's estate enjoyed standing relating back to the filing of the original complaint, the Koskans' deaths mooted each of their claims for prospective

relief; and (3) neither the 'capable of repetition yet evading review' nor the 'inherently transitory' exceptions to the mootness doctrine apply here. The Koskans, for their part, have conceded each point except that concerning the inherently transitory exception.

The parties are correct that, individually, the Koskans' injunctive claims have been mooted. In their prayer for relief, the Koskans requested a declaratory judgment as to the 'stackability' of their policies and an injunction "prohibiting [Continental] from continuing to violate" their and the putative class members' policies by failing to honor stacked benefits claims. ECF 24 at 13. Because the Koskans cannot make any future claims, there can be no future injury to them individually, and thus their claims are moot. But the Supreme Court has carved out an exception to the mootness doctrine in the class action context that has become the almost sole subject of the parties' briefing here: the inherently transitory exception.

The ordinary rule in class actions is that if "the named plaintiff's claim becomes moot before the class is certified, the suit must be dismissed because no one besides the plaintiff has a legally protected interest in the litigation." *Wiesmueller v. Kosobucki*, 513 F.3d 784, 786 (7th Cir. 2008). But if a class has been certified, then "the mooting of [the plaintiff's] claim does

not doom the suit. For the *suit* is not moot unless the claims of *all* the unnamed class members have also become moot," although the named plaintiff may no longer be an appropriate representative for the class. *Id.* The inherently transitory exception falls between these two scenarios, where the class has not yet been certified, but the nature of the claim is so temporally ephemeral that "the trial court will not even have enough time to rule on a motion for class certification before the proposed representative's individual interest expires." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 76 (2013) (citation omitted). All of the Court's early cases concerned pretrial detainees, whose challenged detentions could end, at the state's discretion, at any moment; in those limited circumstances, the mooting of the named plaintiff's claims would not prevent the case from proceeding to class certification. *E.g. Sosna v. Iowa*, 419 U.S. 393, 402 n.11 (1975).

The Seventh Circuit adopted a particular formulation of the exception in *Olson*, holding that a claim must "meet two main elements" for it to apply: "(1) it is uncertain that a claim will remain live for any individual who could be named as a plaintiff long enough for a court to certify the class; and (2) there will be a constant class of persons suffering the deprivation complained of in the complaint." 594 F.3d at 582. Continental does not seem to contest that there will be a constant class of policyholders

complaining about its rule against stacking, so there is no dispute over the second element. But the parties disagree over whether the first is met, and they have also butted heads over an element never directly addressed by *Olson* or any other Seventh Circuit case, which is whether the filing of a class action *complaint* is sufficient, or whether a plaintiff must have actually filed a motion for certification to escape the mooting of the case.

The parties' arguments go like this. Continental points out that long-term care insurance claims by their nature may last for quite a long time, much longer than the matter of weeks discussed in the main run of cases concerning this exception. *See, e.g.*, *Olson*, 594 F.3d at 580–85. And Continental notes that the Koskans' own claim lasted for quite a long time before it was mooted: from the denial of coverage in September 2022 to November 2023 in Treslyn's case and until June 2026 in James's. The Koskans respond that the nature of long-term care coverage is that it will apply to the older and more infirm, meaning that the danger of death makes this kind of insurance claim inherently transitory. And Continental replies that, first, the Koskans have not limited their proposed class to the elderly—the insurance in question could cover care for a person with a disability, for instance—and second, that, at bottom, all claimants run the risk of dying during the pendency

of their case, and that such a risk cannot on its own make a claim inherently transitory.[2]

Courts have put different emphases on these two elements of 'transitoriness,' the brevity of the life of a claim versus the uncertainty as to the claim's longevity. In *Trotter v. Klinkar*, for example, although the court clearly felt that a claim lasting eighty-nine days was relatively lengthy, the panel ultimately let its decision turn on the fact that Trotter *knew* when his claim would expire and had failed to move for class certification before that time. 748 F.2d 1177, 1183–85 (7th Cir. 1984). In *Genesis Healthcare*, by contrast, the Court emphasized that the exception depends on a claim being by its nature so short-lived that it "becomes moot before the district court has an opportunity to rule on the certification motion," and that "this doctrine has invariably focused on the fleeting nature of the challenged conduct giving rise to the claim." 569 U.S. at 76–77. The formulation

---

[2] Continental also raises the interesting point that in all of the pretrial detention cases, it was within the discretion of the defendants—the carceral authorities—to moot the plaintiff-detainees' claims by releasing them, making the exception especially necessary, whereas here the mooting of the Koskans' claims was out of Continental's hands. No controlling authority has based its reasoning on this distinction, and my decision as to the exception does not rely on whether Continental controlled the mooting of the Koskan's claims, but it may well be a relevant argument in some future edge case.

adopted by the Seventh Circuit, in *Olson*, gives weight to both considerations: it must be "*uncertain* that a claim will remain live for any individual who could be named as a plaintiff *long enough* for a court to certify the class." 594 F.3d at 582 (emphasis mine).

There may be some plausible scenario in which the uncertainty inherent in a particular claim is great enough to allow it to be 'inherently transitory' despite a potential to be long-lived, but it is not the set of facts before me. Treslyn Koskan's claim was live for more than a year, from the time of the denial of benefits until her passing. James Koskan's lasted for almost four years. I cannot, where the Seventh Circuit has held that "the essence of the exception is uncertainty about whether a claim will remain alive *for any given plaintiff long enough for a district court to certify the class*," find that a claim which lived for nearly four years and which, in the terms of the putative class the Koskans wish to represent, might regularly survive that long or longer, is inherently transitory. *Id.* (emphasis mine). Having decided that, I need not address the question of whether, in the context of an inherently transitory claim, a plaintiff need have filed a motion

for certification, versus simply having filed a class action complaint, to avail herself of the exception.[3]

---

[3] For the sake, as in the previous footnote, of a future reader working on an edge case, the Koskans have a strong argument as to this issue.

The *Trotter* court based its holding in part on the fact that Trotter knew the day his claim would be mooted—the day he would be released from detention—and delayed moving for certification despite that knowledge. 748 F.2d at 1184–85. In *Banks v. National Collegiate Athletic Association*, the plaintiff likewise knew that his claim would be mooted in 120 days but purposefully chose to delay 112 days before filing his complaint, and the Seventh Circuit relied on that intentional delay to find the exception did not apply. 977 F.2d 1081, 1086 (7th Cir. 1992). Some courts, and Continental, have read cases like these together with statements like those in *Olson* (that the exception applied to Olson because he "filed for class certification while he was a party to a live controversy") to extrapolate that a pending motion for class certification is an unspoken but mandatory third element in addition to the two announced in *Olson*. 594 F.3d at 580. But no Supreme Court nor Seventh Circuit case has explicitly made that finding. And in *Olson*, the court's commentary was *dicta*, while decisions like *Banks* and *Trotter* depend on intentional delay rather than the fact or absence of a pending motion.

The Koskans have relied for their part on *Patton v. Fitzhugh*, a case out of the Sixth Circuit which specifically addressed the issue and held that a pending motion for certification was not a requirement for the inherently transitory exception. 131 F.4th 383 (6th Cir. 2025), *cert. denied*, 146 S. Ct. 821 (2025). The *Patton* court's logic was compelling: the federal courts disfavor the filing of 'placeholder' motions for class certification, and there are often very good reasons that plaintiffs hold off on filing substantive motions. *Id.* at 397–99.

For instance, in this case, the parties filed a Rule 26(f) report on June 5, 2023, which set the date for the filing of a certification motion on October 2, 2024. ECF 11. But that date never arrived, because the parties, by mutual agreement, in the pursuit of settlement talks and mediation, kept pushing it back.

**IV.**

I grant Continental's motion and dismiss the Koskans' claims for injunctive relief as moot.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge
Dated: November 10, 2026

*E.g.* ECF 21, ECF 33, ECF 46, ECF 51, ECF 66. Even after James Koskan's death, as late as July 27, 2026, the parties jointly reported that they "continue[d] to explore a potential class settlement by exchanging draft settlement frameworks." ECF 83.

Under these circumstances, where the deadline for filing had never come and the parties were actively negotiating, I find persuasive the Sixth Circuit's argument it would be better not to require plaintiffs to crowd dockets with placeholder certification motions in order to preserve their access to the exception.